IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM G. SOHNGEN and DIANE SOHNGEN, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 04-1407 ) ) Judge Joy Flowers Conti |
| v. | ) Magistrate Judge Lisa Pupo Lenihan ) |
| THE HOME DEPOT U.S.A., INC., and LOUISVILLE LADDER GROUP, LLC, | ) Re: Doc. No. 64 ) ) |
| Defendants. | ) ) ) |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that Plaintiffs' Motion to Amend/Correct Scheduling Order/Motion for Leave to Amend Complaint (Doc. No. 64) be denied.

**II.    REPORT**

Plaintiffs, William G. Songhen and Diane Songhen (hereinafter "Plaintiffs" or "Plaintiff-husband") commenced this action against the Defendants (hereinafter "Defendants" or "The Home Depot" or "Louisville Ladder") on or about September 13, 2004, alleging that Defendants are liable to Plaintiffs in strict liability and negligence arising out of an accident which occurred involving an extension ladder.

**A.    Relevant Facts**

On or about April 25, 2004, an agent, officer, or employee of The Home Depot, at a store located in Wexford, Pennsylvania, sold a used model number AE2240 extension ladder that was

designed, assembled, and manufactured by Louisville Ladder to Michael Dorish at a reduced price. On or about August 12, 2004, Mr. Dorish retained the services of Plaintiff-husband to assist him in painting at a residence located in Wexford. Plaintiff-husband placed the feet of the ladder on the driveway of the residence, extended the sliding section of the ladder so that the ladder had a total length of approximately 25 feet, and leaned the ladder against the second story of the residence. He climbed the ladder to prepare the wood for painting. The ladder slid on the surface of the driveway and fell, throwing him to the ground. He suffered serious and permanent injuries.

Plaintiffs filed an Amended Complaint on August 11, 2005, setting forth claims in strict liability and negligence. (Amended Complaint, Doc. No. 27.) As to their strict liability count, Plaintiffs aver that Plaintiff-husband was injured by the alleged unreasonably dangerous ladder, and specifically set forth the following theories of strict product liability against Defendants with regard to the ladder's alleged defects:

    a.  By placing into the stream of commerce the model AE2240 ladder which was improperly designed by virtue of the fact of having steel rivets holding pads against the aluminum feet, thereby creating a galvanic reaction which led to the deterioration of the rivets;
    b.  By failing to warn of the danger presented by the galvanic reaction between the steel rivets and the aluminum foot pads;
    c.  In manufacturing the ladder with steel rivets in the aluminum foot pads thereby permitting a galvanic reaction to occur;
    d.  By designing and manufacturing the ladder in such a way to allow crevices in the area of the foot pad which allowed liquid to accumulate, thereby allowing high rates of corrosion;
    e.  By designing and manufacturing the ladder in such a way that the foot assembly is not sealed or protected so as to prevent liquids from accumulating in the crevices of the area of the pads, thereby permitting higher rates of corrosion;
    f.  In designing and manufacturing the ladder in such a way that the steel rivets corroded, wore down or wore away; and
    g.  In failing to instruct and/or warn potential users of the ladder on proper inspection, maintenance, storage and use of the ladder, swivel safety shoes or

   components thereof.

(Doc. No. 27 at ¶ 13.)

  Expert discovery closed in October 2006.  Plaintiffs filed their Pretrial Statement on April 16, 2007.  (Doc. No. 63.)  Defendants filed their Pretrial Statement on May 15, 2007.  (Doc. No. 66.)  Plaintiffs filed a Motion to Amend/Correct Scheduling Order/Motion for Leave to Amend Complaint on May 8, 2007.  (Doc. No. 64.)  Plaintiffs seek to include the following theories under their 402A strict liability count:

  a. By selling a ladder with an insufficient amount of rubber on the pads or which was in such a deteriorated condition that during normal, reasonable, foreseeable, expected and anticipated use, the pads became ineffective or unable to provide sufficient friction to prevent a slip-out;

  b. The rubber pads were defective on the date the ladder was sold in that they failed, became ineffective and did not provide sufficient friction to prevent a slip-out after less than four months of normal, reasonable, foreseeable, expected, and anticipated use.

(Motion to Amend/Correct Scheduling Order/Motion for Leave to Amend Complaint, Doc. No. 64 at 2.)

  Defendants filed a Response to Plaintiffs' Motion on May 25, 2007.  (Doc. No. 67.)  The Undersigned entered an Order denying the Motion to Amend on June 4, 2007.  (Doc. No. 68.)  Plaintiffs appealed the Order denying the Motion to Amend, and District Judge Joy Flowers Conti remanded the matter to this Court for Reconsideration.  The Undersigned held oral argument on the Motion on September 10, 2007.

  Immediately thereafter, on September 11, 2007, Plaintiffs filed a Motion for Leave to File Documentation of the Date of the Existence of Chief Dorsch's Statement Regarding [when] the Existence of Rubber Pads was Disclosed by Defendants.  (Doc. No. 79.)  Leave was granted by the Undersigned for Plaintiffs to file this documentation.  (Doc. No. 80.)  The Defendants

filed a Response thereto.  (Doc. No. 82.)  The filings reveal that on February 16, 2006, Defendants filed Supplemental Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and attached a signed statement from Donald Dorsch, Chief of Police, which included the statement that "I do recall both rubber stabilizer feet were attached to the ladder that was being utilized by the individual."  (Doc. No. 81-2 at 3.)  The Plaintiffs aver that prior to the receipt of this statement from Donald Dorsch on February 16, 2006, there were no known witnesses disclosed by either Plaintiffs or Defendants, who claimed to have observed the rubber pads on the ladder feet at any time subsequent to the incident in question.  (Doc. No. 81 at 2.)  Defendants note that Plaintiffs did not move for leave to amend until May 8, 2007, fourteen months after the statement of Chief Dorsch was disclosed to the parties, and without any explanation as to the reasons for delay.  (Doc. No. 82 at 2.)

**B.     Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires."  In *Foman v. Davis,* the Supreme Court delineated the grounds that would justify denying leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  The grant or denial of leave to amend is within the sound discretion of the district court; however, failure to provide a reason for denying leave to amend is considered an abuse of that discretion.  *Id.*; *see also In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).

Federal Rule of Civil Procedure 16(b) provides in relevant part that "a schedul[ing order]

shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

**C.     Analysis**

In support of their request to file a Second Amended Complaint, Plaintiffs rely on *Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496 (4th Cir. 1987), for the proposition that motions to amend pleadings are to be granted in the absence of bad faith, dilatory motive, undue delay, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment. (Motion to Amend/Correct Scheduling Order/Motion for Leave to Amend Complaint, Doc. No. 64 at 3.)

Plaintiffs also argue that two of their expert reports, filed in January 2006, support their proposed claims. One expert, Dennis Deegan, states that "the pads would not be expected to wear down enough during his use...unless the pad was sold in a defective condition." (Motion to Amend/Correct Scheduling Order/Motion for Leave to Amend Complaint, Doc. No. 64 at 4.) Plaintiffs' engineering expert, George A. Snyder, indicates that it is his opinion that "the shoes and rubber pads were in an unsafe and defective condition on the day the ladder was sold to Mr. Durish...[which] contributed significantly to Mr. Sohngen's incident and injuries." (Doc. No. 64 at 4.) Plaintiffs also argue that another of their experts, Jack Vinson, testified at his deposition on July 14, 2006, that it was his opinion that the pads were either marginal on the date they were sold or the materials were such that they deteriorated away to the point where they were ineffective in four months. (Doc. No. 64 at 4-6.) Plaintiffs contend that the written statement of Franklin Park Police Chief Donald Dorsch, who provided the only witness testimony stating that the rubber pads were present on the ladder following the incident, was not supplied to Plaintiffs

until after Plaintiffs had submitted their expert reports in August 2006.  (Notice of Appeal of Magistrate Judge's Decision to District Court, Doc. No. 69 at 8-9.)[1]  Plaintiffs argue that these experts' comments, as well as the statement by Dorsch, render the Defendants on notice of the newly proposed theories.  (Tr. 3-5.)  Consequently, Plaintiffs contend that Defendants will not be prejudiced by their inclusion of the additional theories in a Second Amended Complaint.  (Doc. No. 64 at 6.)

In their Notice of Appeal of Magistrate Judge's Decision, Plaintiffs also rely on *Ward Electronics Service, Inc*., 819 F.2d at 497, for their argument that the fact that an amendment "changes the plaintiff's theory of the case" is not a sufficient reason to deny the amendment absent a showing of prejudice, bad faith, futility or dilatoriness.  (Notice of Appeal of Magistrate Judge's Decision to District Court, Doc. No. 69 at 6.)  Plaintiffs additionally rely on *Hageman v. Signal L.P. Gas, Inc*., 486 F.2d 479 (6th Cir. 1973), as a case in which an amendment adding a cause of action three years after the statute of limitations expired was granted, and allowed to relate back to the original Complaint.   (Doc. No. 69 at 6-7.)  Plaintiffs further argue that Federal Rule of Civil Procedure 16 "clearly contemplates that amendments to the pleadings can be made at the Pre-Trial Conference."  (Doc. No. 69 at 8.)

Defendants respond that they would be severely prejudiced in having to now defend against newly developed theories after this suit has been pending for nearly three years and discovery has long been closed. At oral argument, Defendants stated that the addition of the proposed amendments might cause them to have to re-depose witnesses or re-open discovery.

---

[1]The Court has reviewed and carefully considered the submissions of the parties relating to the Appeal of the Magistrate Judge's Decision to the District Court (Doc. Nos. 69, 73) in reaching its recommendation herein.

(Tr. 21-22, 26-27.)  It is obvious to the Court that defense counsel did not question Plaintiff's experts on the theory of the pads having deteriorated, nor did he have his experts develop a response to this theory, as it was never asserted by plaintiffs until now. Defendants argue that Plaintiffs' initial allegations related to the galvanic reaction between the metals used in the ladder and the supposed corrosion of the ladder's rivets, and did not include theories regarding the rubber used on the swivel safety shoes' soles.  (Response in Opposition to Notice of Appeal of Magistrate Judge Decision to District Court, Doc. No. 73 at 2-3.)  Defendants further argue that they would be severely prejudiced by having had no notice of Plaintiffs' new theories and having to formulate new defenses after discovery has been closed.  (Doc. No. 73 at 5.) Defendants also complain that Plaintiffs have not explained their patent failure to timely seek an amendment.  (Doc. No. 73 at 4.)

In its analysis of the legal standard concerning leave to amend, the United States Court of Appeals for the Third Circuit has noted that delay may become undue "when a movant has had previous opportunities to amend a complaint."  *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001).  In *Cureton*, the Court held that the trial court's denial of the plaintiff's Motion to Amend was justified, because had it been granted, the defendant would have been "prejudiced by having to engage in burdensome new discovery and significant new trial preparation."  252 F.3d at 275-76.  Undue delay has been found to justify a denial where the Motion for Leave to Amend could have been filed earlier.  In *Lorenz v. CSX Corp.*, a three year lapse between filing the complaint and a proposed amendment was considered an "unreasonable" delay where the plaintiff had "numerous opportunities" to amend.  1 F.3d 1406, 1414 (3d. Cir. 1993).

The Court finds Plaintiffs' arguments unconvincing and the authority they rely

upon readily distinguishable.  In *Ward Electronics Service, Inc.,* the plaintiff filed its Motion for Leave to Amend Complaint approximately three months after it brought the action and one month before discovery closed.  819 F.2d at 496-97.  The Court found that the plaintiff had not acted in bad faith or in an effort to unduly prolong litigation.  *Id*.  Here, Plaintiffs seek to amend long after discovery has been closed.  In addition, all Pretrial Statements and Motions in Limine have been filed.  (Doc. Nos. 63, 66, 70, 72.)  In *Hageman*, the Sixth Circuit Court of Appeals upheld the lower court's ruling following an amendment of the pleadings three years after the expiration of the statute of limitations period because the plaintiff's amended claims arose out of the same occurrence set forth in the original complaint, and the defendant was aware of the factual circumstances upon which the amended complaint was based and thus was on notice of the proposed amendments, defeating the defendant's claim of prejudice.  486 F.2d at 484.  However, the Court stated that elements to be considered when determining whether to permit an amendment include "undue delay in filing, lack of notice to the opposing party, bad faith to the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.."  *Id*. (citing *Williams v. United States*, 405 F.2d 234 (5th Cir. 1968); *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152 (2d Cir. 1968)).

In the instant matter, Plaintiffs have failed to show that the Motion to Amend/Correct Scheduling Order/Motion for Leave to Amend Complaint is supported by good cause and will not prejudice the Defendants.  At oral argument, Plaintiff  gave no reason for their undue delay in filing the Motion, except that they thought that "it was understood by everybody involved this

was our theory." (Tr. 13.) Plaintiffs' expert witnesses never addressed the new theory of the wearing away of the ladder's rubber pads in their reports. Even if Defendants were aware of the existence of the rubber pads and their attachment to the ladder at the time of the accident, Defendants' awareness of the pads' existence does not place them on notice of Plaintiffs' new theories and necessarily, the need to defend against them. Additionally, the Court is convinced that the proposed amendments will prejudice Defendants in forcing them to re-open discovery to defend against the new theories.

Finally, Plaintiffs have failed to comply with the requirements of Federal Rule of Civil Procedure 16(b). Plaintiffs stated at oral argument that their showing of good cause to justify modification of the scheduling order was that the Defendants knew about Plaintiffs' proposed theories and thereby, could defend against them. (Tr. 27-28.) In *Eastern Minerals & Chemicals Co. v. Mahan*, the United States Court of Appeals for the Third Circuit upheld the District Court's denial of a motion for leave to modify a scheduling order, due to the movant's unexplained delay in moving to modify more than six months after the amendment and joinder deadlines had expired. 225 F.3d 330, 340 (3d. Cir. 2000). Plaintiffs here have failed to justify their delay and have not presented good cause for moving to amend. Therefore, the Court must recommend that Plaintiffs' Motion to Amend/Correct Scheduling Order/Motion for Leave to Amend Complaint be denied.

## III.   CONCLUSION

For the reasons set forth above, it is recommended that Plaintiffs' Motion to Amend/Correct Scheduling Order/Motion for Leave to Amend Complaint (Doc. No. 64) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Report and Recommendation to file objections to this Report and Recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: October 19, 2007                                           BY THE COURT:

                                                                    Lisa Pupo Lenihan
                                                                    United States Magistrate Judge

cc:     Honorable Joy Flowers Conti
          United States District Judge