IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM G. SOHNGEN and DIANE SOHNGEN | ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04 - 1407 |
| vs. | ) ) | Judge Conti |
| | ) | Magistrate Judge Lenihan |
| HOME DEPOT U.S.A., INC., and LOUISVILLE LADDER GROUP, LLC, | ) ) | |
| Defendants. | ) | Doc. No. 72 |

## MEMORANDUM ORDER ON PLAINTIFFS' MOTIONS IN LIMINE

I. <u>Plaintiffs' Motion in Limine to Exclude Evidence relating to the "Negligent Conduct" of William Sohngen, and Michael Durish</u>

Plaintiffs state that they anticipate that the Defendants may attempt to argue that the Plaintiff-husband and/or the Plaintiff-husband's employer, Michael Durish, were negligent in allegedly improperly setting the angle of the ladder, in using the ladder when the pads had allegedly previously come off, in allegedly deviating from the ladder's on-board instructions, in allegedly not checking for damaged/missing components, or in allegedly not having a co-worker hold the ladder. Plaintiffs argue that any attempt to inject comparative negligence principles into this strict products liability cause of action is improper as comparative negligence is not a defense to a product liability action. In addition, Plaintiffs argue that permitting contributory negligence evidence in a strict liability action defeats the very premise upon which the doctrine of strict liability is based. Plaintiffs do concede that evidence of Plaintiffs' ordinary negligence may be admitted if it is shown that the accident was solely the result of Plaintiffs' conduct and

not related in any way to alleged defects in the product. Plaintiffs argue that because the defense's expert reports do not specifically state that negligent conduct was the sole cause of the accident, Defendants cannot attempt to inject negligence principles into this strict liability case.

Defendants respond that Plaintiffs' continuing prosecution of their negligence claims permits the introduction of negligence principles as they relate to that claim. Further, as to the strict liability claim, Defendants contend that they intend to offer evidence of the causal fault of Plaintiff-husband and Durish.

First, Plaintiffs' negligence count permits the introduction of evidence relating to negligence principles as they relate to that claim. See 42 Pa. Con. Stat. Ann. § 7102.

Second, as to Plaintiffs' strict liability claim, Plaintiffs are correct in their assertion that negligence concepts may not be introduced into a strict liability case. Kimco Development v. Michael D's Carpet, 637 A.2d 603 (Pa. 1993); Childers v. Power Line Equip. Rentals, 681 A.2d 201 (Pa. Super. 1996). The Pennsylvania courts, however, have carved out exceptions to this general rule when a plaintiff's conduct relates to the issue of causation, a necessary element in a strict liability case. See Childers, 681 A.2d at 207; Walton v. Avco Corp., 610 A.2d 454, 458 (Pa. 1992).

Here, Defendants submit that they will show "that no condition of the extension ladder, as supplied by Defendants, caused or contributed to Mr. Sohngen's accident. Rather, this accident resulted from the failure to use the ladder as directed by its on-product warnings." (Defendants' Omnibus Response in Opposition to Plaintiffs' Motions in Limine, Doc. No. 76 at 2) (footnote omitted). This is precisely the set of circumstances surrounding a plaintiff's conduct that directly impacts the issue of causation and recognized by the Pennsylvania courts as

admissible in a strict liability case.  See Childers, 681 A2d at 207; Surowiec v. General Motors Corp., 672 A.2d 333 (Pa. Super. 1996); Gallagher v. Ing, 532 A2d 1179 (Pa. Super. 1987); Bascelli v. Randy, Inc., 488 A.2d 1110 (Pa. Super. 1985).

In addition, the fact that Defendants' experts do not opine that Plaintiffs' conduct was the sole cause of the accident is not a basis for excluding this evidence.  Causation is an issue for the fact-finder, not an expert witness.  See Bascelli, 488 A.2d at 1113.

Therefore, Plaintiffs' Motion in Limine to Exclude Evidence relating to the "Negligent Conduct" of William Sohngen, and Michael Durish is denied.


II.     Plaintiffs' Motion in Limine to Exclude Evidence that Plaintiff-Husband "Misused" the Ladder

Plaintiffs state that they anticipate that the defense may attempt to argue that the Plaintiff-husband "misused" the ladder by allegedly improperly setting the angle of the ladder, using the ladder when the pads had allegedly previously come off, allegedly deviating from the ladder's on-board instructions, allegedly not checking for damaged/missing components, or in not having a co-worker hold the ladder.  Plaintiffs again argue that these allegations inject contributory negligence concepts (masquerading as misuse) into this strict liability case.

Defendants again respond that they intend to introduce evidence that Plaintiff-husband erected the ladder at too shallow an angle, which reduced the ability of the ladder's rubberized soles to retard movement at the ladder's base.  Defendants continue that Plaintiffs cannot counter, or exclude this evidence, with evidence or argument that erecting the ladder at too shallow an angle is foreseeable, and therefore does not constitute misuse of the ladder. Defendants indicate that this argument will fail because a foreseeable misuse of a product will

not support a strict liability claim under Pennsylvania law. See Pennsylvania Depart't of Gen. Servs. v. United States Mineral Products Co., 898 A.2d 590, 600-601 (Pa. 2006). Instead, Defendants insist that this evidence is relevant to show that Plaintiff-husband's conduct was the sole cause of the accident and thereby admissible in a strict products liability claim. Further, as to Plaintiffs' negligence claim, Defendants contend that this evidence is relevant to show that Plaintiff-husband engaged in conduct that the ladder's warnings specifically cautioned against.

Plaintiffs concede that "Pennsylvania Courts have unequivocally stated that evidence of a plaintiff's misuse of a product consisting of his ordinary negligence is not admissible with regard to causation in a strict liability action unless it is shown to have been the sole cause of the accident." (Plaintiffs' Motions in Limine, Doc. No. 72 at ¶ 27, citing Charlton v. Toyota Industrial Equip., 714 A2d 1043, 1047 (Pa. Super. 1998); Wilson v. Vermont Castings, Inc., 170 F.3d 391, 396 (3d Cir. 1999).) As discussed above, this is precisely the theory that Defendants intend to pursue during trial: Plaintiffs' failure to comply with on-product warnings, as opposed to any condition of the product, was the sole cause of the Plaintiff-husband's accident.

Therefore, Plaintiffs' Motion in Limine to Exclude Evidence that Plaintiff-Husband "Misused" the Ladder is denied.


III.  Plaintiffs' Motion in Limine to Exclude Evidence relating to the Plaintiff-Husband's alleged Assumption of the Risk

Plaintiffs also anticipate that the Defendants will attempt to assert the defense of assumption of the risk. Plaintiffs argue that Defendants can present no evidence to suggest that

4

Plaintiff-husband subjectively knew of the existence of a defect and the danger created by it.

Defendants respond that Plaintiff-husband's assumption of the risk is a proper defense in both negligence and strict liability actions. Defendants also contend that a plaintiff's subjective assumption of the risk may be evidenced by circumstantial evidence, and that here, Plaintiff-husband's training on the appropriate manner and angle at which to erect an extension ladder evidences his subjective appreciation of the danger inherent in erecting the ladder at an angle other than that described on the ladder warning.

In Pennsylvania, voluntary assumption of the risk is an affirmative defense in a products liability case. Berkebile v. Brantly Helicopter Corp., 337 A.2d 893, 901 (1975). In order to submit this theory to a jury, a defendant must produce evidence that a plaintiff fully understood the risk in issue, and yet voluntarily chose to encounter the risk. Mucowski v. Clark, 590 A.2d 348, 350 (Pa. Super. 1991); Fish v. Gosnell, 463 A.2d 1042, 1048 (Pa. Super. 1983). A plaintiff's knowledge and understanding of the risk may be shown by circumstantial evidence. Wagner v. Firestone Tire & Rubber Co., 890 F.2d 652, 657 (3d Cir. 1989); Robinson v. Goodrich Tire Co., 664 A.2d 616, 618 (Pa. Super. 1995); Mucowski, 590 A.2d at 350. Proving subjective awareness of a risk by circumstantial evidence requires evidence "sufficient to permit an inference that the plaintiff was aware [of] and understood the risk." Wagner, 890 F.2d at 657 (quoting Staymates v. ITT Holub Industries, 527 A.2d 140, 146 (Pa. Super. 1987)). "To imply assumption of the risk from the plaintiff's conduct, the conduct 'must be such as fairly to indicate that the plaintiff is willing to take his chances.'" Wagner, 890 F.2d at 657 (quoting Restatement (Second) of Torts § 496C, comment h.) "Whether the plaintiff knows of the existence of the risk and whether he appreciates its magnitude and unreasonable character are questions of fact to be

5

determined by a jury." Wagner, 890 F.2d at 657 (citing Staymates, 527 A.2d at 146).

           The record reflects evidence of Plaintiff-husband's training sufficient to permit an inference that Plaintiff-husband knew of the dangers associated with erecting an extension ladder at an improper angle. See Wagner, 890 F.2d at 657-58 (plaintiff's training alerted him to dangers in not using available clip-on air chuck in order to avoid personal injury when inflating wheel assembly from close range).

           Therefore, Plaintiffs' Motion in Limine to Exclude Evidence relating to the Plaintiff-Husband's alleged Assumption of the Risk is denied.

IV.    Plaintiffs' Motion in Limine to Exclude Evidence Relating to "Open and Obvious"

        Plaintiffs indicate that they expect Defendants to argue that the condition of the shoes was "open and obvious" and therefore there is no duty to warn of the danger. The parties agree that unlike the defense of assumption of the risk, a determination of whether a danger is open and obvious is an objective one; that is, what would be known by the ordinary consumer who purchases or uses the product. Plaintiffs anticipate that the defense appears to be that because Plaintiff-husband could see the condition of the pads, that the Defendants had no duty to warn him that the condition was dangerous. Plaintiffs argue that the dangerous condition of the pads was not open and obvious.

        Defendants reiterate their position that no condition of the ladder as supplied by them, caused or contributed to Plaintiff-husband's accident. Instead, Defendants emphasize that Plaintiff-husband's accident resulted from failures to use and erect the ladder in accordance with on-product warnings and Plaintiff-husband's prior training. Consequently, Defendants assert that

6

Plaintiffs' Motion in Limine is irrelevant.

Based upon Defendants' representations to the Court that this Motion is irrelevant in that they will not argue that the condition of the shoes was "open and obvious," Plaintiffs' Motion in Limine to Exclude Evidence Relating to "Open & Obvious" is granted.

V.    Plaintiffs' Motion in Limine to Exclude Evidence Relating to Plaintiff's Training and Profession

Plaintiffs state that they expect Defendants to introduce evidence regarding the Plaintiff-husband's training and the fact that he is a professional painter. Plaintiffs argue that such evidence is inadmissible as it introduces negligence concepts into this strict liability action because this evidence can only be used to establish the negligence of Plaintiff-husband or his employer. In addition, Plaintiffs argue that such evidence is irrelevant because the ladder was not a specialized product, but was intended to be sold to anyone who needed a ladder; consequently, Plaintiff-husband's training and profession are irrelevant.

Defendants respond that whether a plaintiff is among a product's intended users is a relevant inquiry in a products liability action and especially, in a case such as this one, where a plaintiff claims a product is defective because of the warnings provided with the product. Defendants rely on Mackowick v. Westinghouse Electric Corp., 575 A2d 100 (Pa. 1990), to argue that a plaintiff's training and experience are highly relevant in determining whether on product warnings adequately alerted him to the hazards of which he complains. The Pennsylvania Supreme Court in Mackowick specifically stated that "[a] warning of inherent dangers is sufficient if it adequately notifies the intended user of the unobvious dangers inherent in the product." 575 A.2d at 102 (emphasis in original). Defendants fail to note, however, that

7

in <u>Mackowick</u>, the intended users of the product were qualified electricians as evidenced by the fact that the product (a capacitor), could only be accessed by those authorized to work with high voltage electricity where the equipment was kept in a locked room with a warning of high voltage on the door.  Here, the intended user of the ladder appears to be anyone needing a ladder. Although Plaintiff-husband's training and expertise are irrelevant for purposes of whether the on product warnings adequately notified the intended user of any unobvious dangers inherent in the product, Plaintiff-husband's training and expertise is relevant to Defendants' assumption of the risk defense and Defendants' attempt to establish via circumstantial evidence, that Plaintiff fully understood the risk in issue, and yet voluntarily chose to encounter the risk, as more fully discussed at <u>supra</u> Part III.  Consequently, Plaintiffs' Motion in Limine to Exclude Evidence Relating to Plaintiff's Training and Profession is denied.

VI. <u>Plaintiffs' Motion in Limine to Exclude Evidence Regarding the alleged Absence of Prior Accidents involving Defendants' Product to Prove Product was not Defective</u>

Plaintiffs anticipate that Defendants will attempt to introduce evidence regarding the alleged lack of prior accidents involving the Defendants' ladders on the issue of causation. Plaintiffs thoroughly discuss the legal standard for admitting such evidence and contend that Defendants will be unable to establish the evidentiary foundation required.  To support this contention, Plaintiffs point to the deposition of Defendants' Engineering Expert, Michael Van Bree and his purported testimony that there were lawsuits filed against Louisville ladder involving slip-outs where experts claimed wear indicators should have been included on the rubber pads to alert a user when the pads should be replaced.  Yet, Defendants were unable to

locate business records and expert testimony or reports in response to Plaintiffs' requests to supplement answers to Interrogatories regarding these slip-outs. Plaintiffs claim that the absence of these records indicates a lack of trust worthiness pursuant to Federal Rule of Evidence 803(7), and consequently, Defendants should not be permitted to argue that the absence of these records demonstrates that the ladder was not defective. Plaintiffs continue that Louisville ladder did not preserve or regularly keep records of its prior accidents.

On January 18, 2008 at Doc. No. 87, District Judge Joy Flowers Conti affirmed the Court's denial of Plaintiffs' Motion for Leave to Amend Complaint to include theories under their 402A strict liability claim involving an alleged insufficient amount of rubber on the ladder foot pads such that they were unable to provide sufficient friction to prevent a slip out. Because this particular part of Plaintiffs' Motion in Limine involves this theory, Plaintiffs' Motion is irrelevant and therefore denied.

VII. Plaintiffs' Motion in Limine to Exclude Evidence that the Defendants' Duty to Warn Plaintiffs was Reduced because the Ladder was "Used"

Defendants indicate that they do not intend to argue that any duty to warn was diminished because Mr. Durish purchased the ladder in a used condition. Consequently, Plaintiffs' Motion in Limine to exclude evidence that the Defendants' duty to warn Plaintiffs was reduced because the ladder was used is granted.

VIII. Plaintiffs' Motion in Limine to Exclude Evidence that the Defendants Complied with Industry Standards

Plaintiffs note that Defendants may attempt to admit evidence of compliance with

9

industry standards. Plaintiffs argue that compliance with industry customs is not admissible in a strict liability case, and is only relevant to the negligence concept of due care. Further, Plaintiffs note that evidence of industry standards is also irrelevant pursuant to Fed. R. Evid. 402 and 403 in a strict liability case.

In response, Defendants argue that, as conceded by Plaintiffs, evidence of industry standards is relevant in a negligence action. Moreover, Defendants argue that they are also relevant in a strict liability case where such standards are mandatory.

In Lewis v. Coffing Hoist Division, 528 A.2d 590 (Pa. 1987), the Pennsylvania Supreme Court held that industry standards and practices cannot be introduced in a § 402A strict liability products liability claim to demonstrate that a product was, or was not, defective. 528 A.2d at 593-94. The court explained that to do so would inject negligence law concepts into a strict liability claim. Instead of focusing on the attributes of the product itself, the court noted that introduction this kind of evidence would focus the jury on the quality of the defendant's conduct in designing its product. Id. at 594. These negligence concepts, stated the court, have no place in a products liability case under § 402A of the Restatement (Second) of Torts. Id. See also Sheehan v. Cincinnati Shaper Co., 555 A.2d 1352, 1355 (Pa. Super. 1989) (trial court did not err in refusing to admit OSHA regulations where reasonableness of Defendant's failure to provide safety device was irrelevant in strict liability action); Majdic v. Cincinnati Machine Co., 537 A.2d 334, 338-39 (Pa. Super. 1988) (trial judge improperly permitted testimony concerning ANSI Safety Standards and evidence concerning the custom in the industry relating to power brakes in strict liability action).

The United States Court of Appeals for the Third Circuit and the District Court

for the Western District of Pennsylvania, in applying Pennsylvania law, have followed the Pennsylvania Supreme Court's analysis in Lewis repeatedly in diversity cases predicated upon § 402A strict liability. See e.g., Santiago v. Johnson Machine and Press Corp., 834 F.2d 84, 84-86 (3d Cir. 1987) (Lewis court "spoke definitively" in precluding admission of industry standards and widespread use in the industry.); Cekoric v. Clopay Building Products Co., Inc., 2007 WL 120036 at *4 (W.D. Pa., January 10, 2007) (Conti, J.) (citing Lewis for the proposition that "industry standards such as codes cannot be introduced in a product liability action to demonstrate either that a product was defective or that it was not."); Colegrove v. Camerson Machine Co., 172 F. Supp.2d 611, 617 (W.D. Pa. 2001) (citing Lewis) ("OSHA regulations and [paper plant's] alleged violation of them were not admissible at trial because industry standards like OSHA regulations are not relevant to a § 402A action.")

In support of their argument that industry standards are relevant in a strict liability case where the standards are mandatory, Defendants cite to two cases. The first, Jackson v. Spagnola, 503 A.2d 944, 948 (Pa. Super. 1986), is a Pennsylvania Superior court case decided before Lewis. The second, Blacker v. Oldsmobile Div., Gen'l Motors Corp., 869 F. Supp. 313, 313-14 (E.D. Pa. 1994), attempts to distinguish Lewis by noting that the standards at issue in Lewis were silent on the alleged defect, unlike the standards at issue in Blacker which related directly to the alleged defect. Defendants here have not demonstrated that the standards in issue directly address the alleged defects described in the Amended Complaint. Moreover, Defendants have failed to distinguish controlling Pennsylvania state law directly contradicting their position that OSHA standards are mandatory and therefore admissible. This Court must be guided by Pennsylvania state law and the Third Circuit Court of Appeals application thereof. Precedent

11

from the Eastern District of Pennsylvania is not controlling here.  Therefore, Plaintiffs' Motion in Limine to Exclude Evidence that the Defendants Complied with Industry Standards is granted as it pertains to Plaintiffs' strict liability claim, and denied as it pertains to Plaintiffs' negligence claim.

IX.     Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Absence of Product Recall

Defendants indicate that they do not intend to introduce evidence or argue that the Model AE2240 ladder has not been subject to product recall, but reserve the right to do so if Plaintiffs "open the door" by arguing or implying that the ladder should have been recalled. Consequently, Plaintiffs' Motion in Limine to exclude evidence regarding the absence of product recalls is granted.

X.     Plaintiffs' Motion in Limine to Exclude Evidence Relating to the "Due Care" Exercised by the Defendants

Plaintiffs anticipate that the Defendants will attempt to argue that they used "due care" with regard to the manufacture and sale of the ladder involved in the accident and move to exclude such evidence as it relates to their products liability action.  As discussed above, negligence principles are inappropriate in a products liability claim unless Defendants are attempting to show that Plaintiff-husband's conduct was the sole cause of the accident.  Here, certain statements of Defendants Experts Dorris and Van Bree relating to "due care" do not relate to this issue and consequently, should be excluded.  These statements include the following:

"Louisville Ladder acted appropriately and reasonably in providing the necessary

precautionary information and instructions via on-product labeling." (Report of Nathan D. Dorris, February 17, 2006 at p. 7.)

"[T]he training and instruction materials disseminated by Home Depot to its employees were reasonable, appropriate and adequate." (Report of Nathan D. Dorris, February 17, 2006 at p. 8.)

"Home Depot's manner of storing the subject ladder was appropriate and would not cause any undue damage to the ladder's aluminum shoes, rivets, or treads." (Report of Michael Van Bree, February 20, 2006, at p. 10.)

"Louisville Ladder has a history of focusing on safety for more than 50 years both internally through design and manufacturing practices and externally through participation on safety standards committees and presenting training to users." (Report of Michael Van Bree, February 20, 2006, at p. 10.)

Therefore, Plaintiffs' Motion in Limine to Exclude Evidence Relating to the "Due Care" Exercised by the Defendants is granted as it relates to their strict liability claim.

XI. <u>Plaintiffs' Motion in Limine to Exclude Evidence Relating to Purposeful Removal of or Spoilation of the Pads</u>

Plaintiffs anticipate that the Defendants will attempt to argue purposeful removal of or spoilation of the pads by either Plaintiffs or Durish because Defendants' Pre-Trial

13

Statement indicates that "within a day of Mr. Sohngen's accident, the soles had been removed from their swivel safety shoes." Plaintiffs assert that there is absolutely no evidence as to who is responsible for the loss of the pads.

Defendants respond that the evidence of record demonstrates that the rubberized pads were affixed to the riveted shoe mounts within one minute of the accident. Photographs taken the morning of the accident reveal that the pads were missing. The pads, to this date, have not been found. Defendants argue that Plaintiffs' claims concern the adequacy with which the pads were affixed to the shoe mounts and Defendants should be able to demonstrate the chain of custody of the ladder between the time of the accident, and when the photographs were taken the next morning. Defendants contend that this proof is necessary to show the ladder's condition at the time of the accident and that the pads were in place at the time the accident occurred.

Plaintiffs' Motion in Limine to Exclude Evidence Relating to Purposeful Removal of or Spoilation of the Pads is granted. Defendants, however, will not be prevented from demonstrating the condition of the ladder at the time of the accident.

XII. Plaintiffs' Motion in Limine to Exclude Evidence Relating to "Insurance or Litigation Crisis" or "Television Advertising"

Defendants state that they do not intend to make such arguments, but indicate that inquiries regarding these subjects during voir dire may be appropriate. Therefore, Plaintiffs' Motion in Limine to exclude evidence relating to "insurance or litigation crisis" or "television advertising" is granted.

XIII. Plaintiffs' Motion in Limine to Exclude Evidence of Defense Expert Michael Van Bree's

Opinion Regarding Typical Angle at Which an Extension Ladder is Erected

Plaintiffs seek to exclude the expert testimony of Defendants' Engineering expert, Michael Van Bree concerning the typical angle at which an extension ladder is erected because his conclusions were based on casual observations. Plaintiffs contend that the evidence in question is not based upon sufficient data to make it reliable or to assist the trier of fact.

Defendants respond that Van Bree has worked as a product design engineer, product safety engineer, and a product safety engineering manager. In these positions he designed ladders, oversaw production, and assisted in authoring materials involving ladder safety. Defendants note that Van Bree was deposed in two capacities and that during his expert deposition, he testified that on roughly two dozen occasions, he used a digital inclinometer to measure the angle at which random users erected a 40-foot extension ladder extended to approximately 25 feet.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., the United States Supreme Court held that although "general acceptance" is not a precondition to the admissibility of scientific evidence, a trial judge must ensure that an expert's testimony rests on a reliable foundation and is relevant to the task at hand. 509 U.S. 579, 597 (1993). The Supreme Court noted that "[p]ertinent evidence based on scientifically valid principles will satisfy those demands." Id. The trial judge must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-93.

> [A] trial judge's focus must be on the principles underlying the expert's testimony and the methodology employed to generate it, not on the conclusions the expert reaches. Thus, admissibility does not hinge on a finding that the testimony is in

> fact scientifically correct. Rather, the inquiry is whether the underlying theories
> and methodology employed to generate the testimony have the earmarks of
> reliability.

Wright and Gold, <u>Federal Practice and Procedure: Evidence</u>, § 6262 (discussing <u>Daubert</u>, 509 U.S. at 594-95).

Here, the Court does not find that the methodology employed to generate Van Bree's testimony concerning the typical angle at which extension ladders are erected has the "earmarks of reliability." Van Bree's casual observations of "a couple dozen" ladders he came across while working "on the weekends with family or friends or . . . out in [his] travels around town . . ., just seeing ladders set up and stopping and talking to people" (Van Bree Deposition, Doc. No. 72-8, at 283-85), is devoid of any controls so as to be of any assistance to the trier of fact. That is, these casual and isolated observations will not assist the trier of fact in concluding the typical angle at which people set up their ladders. Consequently, the Court must grant the Plaintiffs' Motion in Limine to Exclude Evidence of Defense Expert Michael Van Bree's Opinion Regarding Typical Angle at Which an Extension Ladder is Erected.

XIV. <u>Plaintiffs' Motion in Limine to Exclude Evidence of Defense Expert Michael Van Bree's Opinion that the Ladder could not have been Resting Any Higher on the Side of the House or on the Aluminum Siding than where the Visible Scrape Marks Began</u>

Plaintiffs also argue that Van Bree's opinion that the ladder could not have been resting any higher on the side of the house or on the aluminum siding than where the visible scrape marks began must be excluded because Van Bree provides no calculations of what the load was of Plaintiff-husband on the ladder and against the siding, nor did he inquire as to what

16

amount of pressure was necessary to scrape the type of aluminum siding that was on the house at the time of the accident. Plaintiffs indicate that Van Bree testified that he made the determination of where the ladder feet were when they began to slide based upon the scrape marks on the siding, thereby calculating the erection angle of the ladder. Plaintiffs' argument draws upon their own Engineering Experts Report to explain that the force exerted on the siding is a dynamic one, and various factors coalesce to determine when a slide will start to leave dents in a surface.

Defendants respond that Plaintiffs' concerns with Van Bree's report is within the exclusive province of the fact-finder, as the credibility of the experts will be for the jury in this case after the direct and cross-examinations of these expert witnesses.

Clearly, Plaintiffs may not use this Motion in Limine to use the methodologies of their own expert to challenge the methodologies of Defendants' Engineering Experts. Defendants are correct that this "battle of the experts" is for the fact finder to resolve after the direct and cross-examinations of both. See Inter Med. Supplies, Ltd. V. EBI Med. Sys., Inc., 181 F.3d 446, 462-63 (3d Cir. 1999).

Consequently, Plaintiffs' Motion in Limine to Exclude Evidence of Defense Expert Michael Van Bree's Opinion that the Ladder could not have been Resting Any Higher on the Side of the House or on the Aluminum Siding than where the Visible Scrape Marks Began is denied.

**AND NOW**, this 4th day of February, 2008;

**IT IS HEREBY ORDERED THAT** Plaintiffs' Motions in Limine (Doc. No. 72) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**

I. Plaintiffs' Motion in Limine to Exclude Evidence relating to the "Negligent Conduct" of William Sohngen, and Michael Durish is **DENIED**.

II. Plaintiffs' Motion in Limine to Exclude Evidence that Plaintiff-Husband "Misused" the Ladder is **DENIED**.

III. Plaintiffs' Motion in Limine to Exclude Evidence relating to the Plaintiff-Husband's alleged Assumption of the Risk is **DENIED.**

IV. Plaintiffs' Motion in Limine to Exclude Evidence Relating to "Open and Obvious" is **GRANTED.**

V. Plaintiffs' Motion in Limine to Exclude Evidence Relating to Plaintiff's Training and Profession is **DENIED**.

VI. Plaintiffs' Motion in Limine to Exclude Evidence Regarding the alleged Absence of Prior Accidents involving Defendants' Product to Prove Product was not Defective is **DENIED**.

VII. Plaintiffs' Motion in Limine to Exclude Evidence that the Defendants' Duty to Warn Plaintiffs was Reduced because the Ladder was "Used" is **GRANTED**.

VIII. Plaintiffs' Motion in Limine to Exclude Evidence that the Defendants Complied with Industry Standards is **GRANTED** as it pertains to their strict liability claim, and **DENIED** as it pertains to their negligence claim.

IX. Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Absence of Product Recall is **GRANTED.**

X. Plaintiffs' Motion in Limine to Exclude Evidence Relating to the "Due Care" Exercised by the Defendants is **GRANTED** as it relates to their strict liability claim.

XI. Plaintiffs' Motion in Limine to Exclude Evidence Relating to Purposeful Removal of or Spoilation of the Pads is **GRANTED**.

XII. Plaintiffs' Motion in Limine to Exclude Evidence Relating to "Insurance or Litigation Crisis" or "Television Advertising" is **GRANTED.**

XIII. Plaintiffs' Motion in Limine to Exclude Evidence of Defense Expert Michael Van Bree's Opinion Regarding Typical Angle at Which an Extension Ladder is Erected is **GRANTED**.

XIV. Plaintiffs' Motion in Limine to Exclude Evidence of Defense Expert Michael Van Bree's Opinion that the Ladder could not have been Resting Any Higher on the Side of the House or on the Aluminum Siding than where the Visible Scrape Marks Began is **DENIED**.

                                                                       s/ Lisa Pupo Lehihan
                                                                       Lisa Pupo Lenihan
                                                                       United States Magistrate Judge

cc:      The Honorable Joy Flowers Conti
           United States District Judge

           All counsel record
           Via electronic filing