# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM G. SOHNGEN and DIANE SOHNGEN | ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04 - 1407 |
| vs. | ) ) | Judge Conti |
| | ) | Magistrate Judge Lenihan |
| HOME DEPOT U.S.A., INC., and LOUISVILLE LADDER GROUP, LLC, | ) ) | |
| Defendants. | ) | Doc. No. 70 |

## MEMORANDUM ORDER ON DEFENDANTS' MOTIONS IN LIMINE

I.  Defendants' Motion in Limine to Exclude Evidence on Plaintiffs' Failure to Warn Claim

Defendants seek to exclude evidence at trial of the absence of certain warnings on the ladder, and the absence of a tread wear indicator on the sole of the swivel safety shoe assembly.[1] Defendants argue that Plaintiffs cannot causally relate these omissions to Plaintiff's injury because, in light of Plaintiff's deposition testimony, he cannot show evidence to support a reasonable inference that the existence of additional warnings or of a tread wear indicator would have modified Plaintiff's behavior. That is, Defendants direct the Court to Plaintiff's deposition testimony that he cannot recall whether he ever inspected any aspect of the ladder while working. (Sohngen Dep. at 52-53.) Therefore, argue Defendants, Plaintiff cannot establish that any

---

[1] On January 18, 2008 at Doc. No. 87, District Judge Joy Flowers Conti affirmed this Court's denial of Plaintiffs' Motion for Leave to Amend Complaint to include theories under their 402A strict liability claim involving an alleged insufficient amount of rubber on the ladder foot pads such that they were unable to provide sufficient friction to prevent a slip out. This Court considers the arguments concerning the absence of a tread wear indicator as they may relate, it at all, to Plaintiffs' § 402A strict liability theories properly before the Court in light of Judge Conti's January 18, 2008 Order.

additional warnings or the incorporation of a tread wear indicator, would have modified Plaintiff's behavior prior to the accident. Defendants continue that Plaintiffs, as a matter of law, cannot establish a failure to warn claim because they cannot causally link the content of the ladder's warnings or the absence of a wear indicator to Plaintiff's accident. Finally, Defendants contend that the contrary presumption, or so called "heeding presumptions;" that is, that if adequate warnings or instructions are present, Plaintiffs are presumed to have followed them, are limited in application to cases involving workplace exposure to asbestos.

In response, Plaintiffs specifically state that they do not concede that Plaintiff-husband did not read the ladder warnings at some point in time, and point out that there is nothing in the warnings that address the shoes or pads themselves. Further, Plaintiffs argue that the "heeding presumptions" are not limited to cases involving workplace exposure to asbestos as represented by Defendants and do not apply if the warnings are inadequate. Here, Plaintiffs have consistently asserted that the warnings were inadequate and therefore, Pennsylvania law presumes that had they been adequate, Plaintiff-husband would have followed them.

The deposition testimony of Plaintiff-husband submitted by Defendants in support of their assertion that "Plaintiffs cannot establish that Mr. Sohngen ever read any of the ladder's on-product warnings or that he examined the condition of the ladder's soles on the day of the accident" is as follows:

> Q. Have you ever received any training on how to inspect ladders?
> A. No.
> Q. When you were working for Mr. Durish, do you recall whether or not you ever inspected any extension ladder that you worked with?
> A. I don't recall.
> Q. When you were working for Mr. Durish, do you have a recollection of whether any pads on the bottom of the ladder ever came off the ladder?

A. I don't recall.

(William Gary Sohngen Dep. at 52-53.)

This testimony alone cannot support Defendants' asserted conclusion that Plaintiff-husband cannot show evidence to support a reasonable inference that the existence of additional warnings or of a tread wear indicator would have modified Plaintiff's behavior. Consequently, Defendants' Motion in Limine to Exclude Evidence on Plaintiffs' Failure to Warn claim must be denied.

II.  Defendants' Motion in Limine to Exclude Evidence of Plaintiffs' Consumer Product Safety Commission Statistic Exhibit

Plaintiffs have indicated in their Pretrial Statement that they will offer into evidence a "Consumer Product Safety Commission statistic" exhibit. This exhibit is comprised of epidemiologic reports and a summary tabulation of ladder-related accidents. Defendants argue that any evidence of other claimed accidents involving ladders cannot take the form of reports from absent third parties. Instead, Defendants argue these reports are inadmissible hearsay evidence. Further, Defendants contend that any non-hearsay evidence of other claimed accidents involving ladders is inadmissible unless Plaintiffs demonstrate that each reported accident bears a "logical relationship to Plaintiffs' theory as to how Mr. Sohngen's accident occurred, i.e., a ladder slideout." (Doc. No. 70 at ¶ 15.) Defendants conclude that Plaintiffs' Pretrial Statement does not reflect persons who could possibly provide the factual foundational testimony needed to support admission of this exhibit.

Plaintiffs counter that the information to be offered is a tabulation of the following

facts:

1) Each year in the U.S., ladder accidents cause 300 deaths and 175,000 injuries, severe enough to require treatment at an emergency room; and

2) 50% or more of falls from a height of 11 feet result in injuries which are fatal to the victim of the fall.

Initially, Plaintiffs argue that the above information falls within the public records exception to the hearsay rule pursuant to Federal Rule of Evidence 803(8). In addition, Plaintiffs contend that the tabulation is also admissible pursuant to Federal Rule of Evidence 703 which permits an expert witness to express an opinion that is based in part on hearsay of the kind that is customarily relied on by experts in the field, regardless of whether the hearsay would be excluded if offered as substantive evidence. Plaintiffs submit that the tabulation of other accidents is offered to show notice of a dangerous condition and the likelihood of injury, notice of the need to warn in a more effective manner, and that the risk is not a trivial or academic one.

Federal Rule of Evidence 401 defines "Relevant Evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 402 provides in relevant part that "[e]vidence which is not relevant is not admissible." Within the context of this Motion in Limine, the Court must determine whether evidence of ladder accidents causing 300 deaths and 175,000 injuries, requiring treatment at an emergency room, and evidence that 50% or more of falls from a height of 11 feet result in injuries which are fatal to the victim of the fall is relevant to prove that the ladder in issue was defective, or as argued by Plaintiffs, "to show notice of a dangerous condition and the likelihood of injury[,]" and

"to show notice of the need to warn in a more effective manner[,]" and "that this is not a trivial or academic risk." (Doc. No. 75 at p. 10.)

The United States Court of Appeals for the Third Circuit has noted "that when a plaintiff attempts to introduce evidence of other accidents as direct proof of a design defect, the evidence is admissible only if the proponent demonstrates that the accidents occurred under circumstances substantially similar to those at issue in the case at bar." Barker v. Deere and Co., 60 F.3d 158, 162 (3d Cir. 1995). The Court of Appeals further indicated that "the district court must be apprised of the specific facts of previous accidents in order to make a reasoned determination as to whether the prior accidents are 'substantially similar.'" Id. at 163. Without these specific facts, it is impossible for a court to make a determination as to similarity. Id. Consequently, this evidence should be excluded as Plaintiff has made no showing that the accidents reflected in the "Consumer Product Safety Commission statistic" exhibit occurred under circumstances substantially similar to those at issue here. Defendants' Motion in Limine to exclude evidence of Plaintiffs' Consumer Product Safety Commission Statistic Exhibit is granted.

III. Defendants' Motion in Limine to Exclude Evidence of Claimed Foreseeable Misuse of the Extension Ladder

Defendants indicate that they will argue in both their negligence and strict liability claims that Plaintiff-husband erected the ladder at too shallow an angle which caused its base to slide out when Plaintiff reached a certain height on the ladder. Defendants note that Plaintiffs may argue that this ladder set up was foreseeable by Defendants and therefore does not constitute

5

misuse of the ladder by Plaintiff-husband. This Motion in Limine reiterates the parties' respective arguments in Plaintiffs' Motion in Limine Nos. II & III. (See Doc. No. 72 at pp. 6-16; Doc. No. 76 at pp. 3-6.) For the reasons discussed in its Memorandum Order on Plaintiffs' Motions in Limine relating thereto, Defendants' Motion in Limine to Exclude Evidence of Claimed Foreseeable Misuse of the Extension Ladder is granted.

IV. <u>Defendants' Motion in Limine to Exclude Evidence of Amounts Charged for Medical Treatment</u>

Plaintiffs concede that only amounts paid and accepted as payment in full is the amount Plaintiffs are entitled to recover as compensatory damages. Hence, Defendants' Motion in Limine on this issue is granted.

**AND NOW**, this 4th day of February, 2008;

**IT IS HEREBY ORDERED THAT** Defendants' Motion in Limine (Doc. No. 70) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**

  I. Defendants' Motion in Limine to Exclude Evidence on Plaintiffs' Failure to Warn Claim is **DENIED.**

  II. Defendants' Motion in Limine to Exclude Evidence of Plaintiffs' Consumer Product Safety Commission Statistic Exhibit is **GRANTED.**

  III. Defendants' Motion in Limine to Exclude Evidence of Claimed Foreseeable Misuse of the Extension Ladder is **GRANTED**.

  IV. Defendants' Motion in Limine to Exclude Evidence of Amounts Charged

for Medical Treatment is **GRANTED.**

                                                                     s/ Lisa Pupo Lenihan
                                                                     Lisa Pupo Lenihan
                                                                     United States Magistrate Judge

cc:    The Honorable Joy Flowers Conti
       United States District Judge

       All counsel record
       Via electronic filing