IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM G. SOHNGEN and<br>DIANE SOHNGEN,<br>    Plaintiffs,<br><br>        v.<br><br>HOME DEPOT U.S.A., INC., and<br>LOUISVILLE LADDER GROUP, LLC.<br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 04-1407<br>)<br>)<br>)<br>) |

### Verdict Slip

**I-PRODUCTS LIABILITY**

Question 1:

    Did the Plaintiffs prove by a preponderance of the evidence that the ladder sold by Defendant Louisville Ladder was defective when it left the possession of Louisville Ladder?

    Yes: _____   No: ___✓_____

**If you answered "Yes", proceed to question 2; if you answered "No", do not answer questions 2, 3 or 4 and proceed to question 5.**

Question 2:

    Did the Plaintiffs prove by a preponderance of the evidence that the defect was a factual cause of any harm to the Plaintiff, William Sohngen?

    Yes: _____   No: _____

**If you answered "Yes", proceed to question 3; if you answered "No", do not answer questions 3 or 4, and proceed to question 5.**

Question 3:

    Did the Plaintiffs prove by a preponderance of the evidence that the ladder sold by Defendant Home Depot was defective when it left the possession of Home Depot?

    Yes: _____ No: _____

**If you answered "Yes", proceed to question 4; if you answered "No", do not answer question 4 and proceed to question 5.**

Question 4:

    a) Did the Plaintiffs prove by a preponderance of the evidence that the defect was a factual cause of any harm to the Plaintiff, William Sohngen?

    Yes: _____ No: _____

    b) Did the Defendants prove by a preponderance of the evidence that Plaintiff, William Sohngen, assumed the risk of the defect?

    Yes:_____ No:_____

## II- NEGLIGENCE

Question 5:

    a) Did the Plaintiffs prove by a preponderance of the evidence that defendant Louisville Ladder Group was negligent?

    Yes: _____    No: ___✓_____

**If you answered "Yes" to question 5a, proceed to question 5b; if you answered "No", do not answer question 5b and proceed to question 6.**

    b) Did the Plaintiffs prove by a preponderance of the evidence that the negligence of Defendant Louisville Ladder Group was a factual cause of harm to Plaintiff William Sohngen?

    Yes: _____    No: _____

Question 6:

    a) Did the Plaintiffs prove by a preponderance of the evidence that Defendant Home Depot was negligent?

    Yes: ___✓_____    No: _____

**If you answered "Yes" to question 6a, proceed to question 6b; if you answered "No", do not answer question 6b and proceed to question 7.**

    b) Did the Plaintiffs prove by a preponderance of the evidence that the negligence of Defendant Home Depot was a factual cause of harm to Plaintiff William Sohngen?

    Yes: ___✓_____    No: _____

**If you answered "Yes" to question 5b or 6b, proceed to question 7; if you answered "No" to question 5b <u>and</u> 6b, proceed to part III.**

Question 7:

    a) Did the Defendants prove by a preponderance of the evidence that the Plaintiff, William Sohngen, was contributorily negligent?

        Yes: ✓      No: _____

    b) Did the Defendants prove by a preponderance of the evidence that the Plaintiff, William Sohngen, assumed the risk?

        Yes: _____      No: ✓

**If you answered question 7a and 7b "No", proceed to question 9. If you answered question 7a "Yes" and 7b "No", proceed to question 8. Regardless of how you answered question 7a, if you answered question 7b "Yes", proceed to part III.**

Question 8:

    If you answered question 7 "Yes", did the Defendants prove by a preponderance of the evidence that the Plaintiff, William Sohngen's contributory negligence was a factual cause of any harm to him?

        Yes: ✓      No: _____

Question 9:

If you find that more than one party was negligent, taking the combined negligence that was a factual cause of any harm to the Plaintiff William Sohngen as 100 percent, what percentage of that casual negligence was attributable to each Defendant and what percentage was attributable to the Plaintiff?

    a) Percentage of causal negligence attributable to Defendant Louisville Ladder Group (Answer only if you have answered "Yes" to questions 5a and 5b for Defendant Louisville Ladder Group).       __0__ %

    b) Percentage of causal negligence attributable to Defendant Home Depot (Answer only if you have answered "Yes" to questions 6a and 6b for Defendant Home Depot).       __60__ %

    c) Percentage of causal negligence attributable to the Plaintiff William Sohngen (Answer only if you have answered "Yes" to questions 7 and 8).       __40__ %

                                            Total     100 %

## III - DAMAGES

If you answered

    A) "Yes" to any one of question 2 or question 4 **and** "No" to question 4b;

    **or**

    B) "Yes" to any of question 5b or question 6b **and** "No" to question 7b

state the amount of damages, if any, sustained by the Plaintiffs as a result of the accident, without regard to and without reduction by the percentage of causal negligence, if any, that you attributed to the Plaintiff William Sohngen in question 9c.

Past medical expenses $ _118,000_

Future medical expenses $ _100,000_

Past wage loss $ _50,000_

Future wage loss/earning capacity $ _250,000_

Past, present and future pain and suffering, embarrassment and humiliation, and loss of enjoyment of life $ _100,000_

Disfigurement $ _10,000_

TOTAL $ _628,000_

Diane Sohngen's loss of Consortium $ _50,000_

6

## Members of the Jury

1. _Robert Ahn_  
Foreperson

2. _Patricia A. Carter_

3. _[signature]_

4. _Martha Maksymowych_

5. _Jana Piersol_

6. _Marlene Sutko_

7. _Karen Cofield_

8. _Linda Sheur_

Dated: _9/9/08_